UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



---

AARON MEISELS on behalf of himself and
all other similarly situated consumers

                Plaintiff,

   -against-

GLASS MOUNTAIN LEGAL GROUP, LLC &
FFIF-ACM OPPORTUNITY FUND, LLC

                Defendants.

---

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Aaron Meisels seeks redress for the illegal practices of Glass Mountain Legal Group, LLC (hereinafter referred to as "GMLG, LLC") and FFIF-ACM Opportunity Fund, LLC (hereinafter referred to as "FFIF-ACM, LLC") in which they unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant GMLG, LLC's principal place of business is located within Schaumburg, Illinois.

6. Upon information and belief, Defendant FFIF-ACM, LLC's principal place of business is located within the state of Delaware.

7. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

8. Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Aaron Meisels*

11. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

12. Defendant FFIF-ACM, LLC acquired Plaintiff's alleged obligation after it had gone into default.

13. Defendant FFIF-ACM, LLC placed Plaintiff's alleged obligation with GMLG, LLC for collection.

14. On or about May 16, 2012, Defendant GMLG, LLC on behalf of Defendant FFIF-ACM, LLC sent or caused to be sent a letter to Plaintiff to collect on a debt allegedly due.

15. The said letter fails to identify the name of the current creditor in violation of 15 USC § 1692g(a)(2), 15 USC 1692e and 15 USC 1692e(10).

16. The said letter falsely states and misrepresents the name of the "ORIGINAL CREDITOR" as "FFIF-ACM OPPORTUNITY FUND LLCd LLC." Upon information and belief, Defendant FFIF-ACM, LLC is not the original creditor." Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011) (A collection letter that falsely listed the creditor under a different name states a claim for relief under section 1692e(10). The court noted that "if a letter falsely listed an unregistered entity that did not own plaintiff's debt, or the letter listed a different creditor, the least sophisticated consumer could be confused as to which entity was the creditor, thus the plaintiff had plausibly alleged a violation of section 1692e(10).); Russell v. Equifax A.R.S., 74 F.3d 30, 1996 U.S. App. LEXIS 1042 (2d Cir. N.Y. 1996) (concluding that a letter sent subsequent to a validation notice violated section 1692e where "it advance[d] a message that is open to an inaccurate yet reasonable interpretation by the consumer, and is therefore deceptive as a matter of law."); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 301-02 (E.D.N.Y. 2005) (granting plaintiff summary judgment in a 1692g(a)(2) claim and explaining that "[t]he least sophisticated consumer would not deduce from reading the collection letter that the name of the creditor seeking collection is 'The Bureaus' "); Schneider v. TSYS

Total Debt Mgmt., Inc., 2006 U.S. Dist. LEXIS 48177, 2006 WL 1982499, at *4 (E.D.Wis. July 13, 2006) (denying motion to dismiss in 1692g(a)(2)claim where plaintiff alleged that defendants listed "Target" as the creditor rather than the full name of the creditor); Hepsen v. J.C. Christensen and Assocs., Inc., 2009 U.S. Dist. LEXIS 92717, 2009 WL 3064865, at *5 (M.D.Fla. Sep. 22, 2009) (concluding that the defendant violated 1692e(10) by incorrectly listing the name of the current creditor); Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (a collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.); Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008) (The court summarized the law of deception under the least sophisticated consumer standard. A communication is deceptive for purposes of the Act if: "it can be reasonably read to have two or more different meanings, one of which is inaccurate". This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor); Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa.Feb. 4, 2011) (A communication that could be "reasonably read to have two or

-4-

more different meanings, one of which is inaccurate," is considered deceptive.); Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (It is a remedial statute that we 'construe . . . broadly, so as to affect its purpose.'" Communications are to be analyzed under the least sophisticated debtor standard. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.); Smith v. Harrison., 2008 WL 2704825 (D.N.J. July 7, 2008) (A debt collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate."); Brown v. Card Serv. Ctr., 464 F.3d 450 (3d Cir. 2006) (FDCPA is a remedial, strict liability statute to be liberally construed. Communications from collectors to debtors are analyzed from the perspective of the least sophisticated consumer. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.); Holmes v. Mann Bracken, L.L.C., 2009 WL 5184485 (E.D. Pa.Dec. 22, 2009) (Where defendant sent the communication knowing that the contents could be "deceptive" because such communication could have "two or more different meanings, one of which is inaccurate," the court denied defendant's motion for summary judgment.); Reed v. Pinnacle Credit Servs., L.L.C., 2009 WL 2461852 (E.D.Pa. Aug. 11, 2009) (Objective least sophisticated consumer standard applies. Thus, where there are two possible meanings to a communication, one of which is inaccurate, the least-sophisticated consumer could be misled or deceived by that inconsistency.); Mushinsky v. Nelson, Watson & Assoc., L.L.C., 642 F. Supp. 2d 470 (E.D. Pa. 2009) (A collection letter is deceptive if it can reasonably have two

meanings, one of which is inaccurate.); Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa. Feb. 4, 2011) (A notice that could be "reasonably read to have two or more different meanings, one of which is inaccurate"); Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992) ("least sophisticated debtor is not charged with gleaning the more subtle of the two interpretations" of a collection notice.)

17. Defendant violated 15 U.S.C. § 1692e(10) by falsely representing that "FFIF-ACM OPPORTUNITY FUND LLCd LLC" was the original creditor.

18. The Defendant GMLG, LLC, a foreign LLC, filed an application for authority to do business in New York with the New York Department of State on or about March 29, 2011. The Department of Corporations in New York confirmed that as of July 2, 2012, GMLG, LLC has not filed any affidavits or Certificate of Publication, which leads them to be suspended from doing business in New York.

19. The Defendant FFIF-ACM, LLC, a foreign LLC, filed an application for authority to do business in New York with the New York Department of State on or about May 10, 2011. The Department of Corporations in New York confirmed that as of April 20, 2012, FFIF-ACM, LLC has not filed any affidavits or certificate of publication, which leads them to be suspended from doing business in New York.

20. Upon information and belief, FFIF-ACM, LLC has illegally brought over eighty five (85) cases to Civil Court, even after being suspended from doing business in New York.

21. Foreign LLC's are required to publish their formation, and file proof of publication of their LLC within 120 days of the filing of their application for authority.

22. At the time of Plaintiff's commencement of the action against Defendants, Defendants have failed to publish, have failed to file any certificate of publication, and have failed to file any sort of proof or affidavit of publication, as required by law.

23. Pursuant to the New York Limited Liability Company Law, failure to file the certificate of publication results in suspension of authority to do business in New York State, and a prohibition of bringing any legal proceedings in New York State during the period of noncompliance.

24. At the time of Plaintiff's commencement of the action against Defendants, Defendants' authority to do business had been suspended.

25. During the period of noncompliance, Defendants were prohibited from conducting business in New York State.

26. At the time of the mailing of the collection letters, Defendants' authority to do business had been suspended.

27. The least sophisticated consumer is unlikely to search and/or have the ability or knowledge to search Department of State records to determine whether Defendants' authority to do business is suspended.

28. Doing business in New York when Defendants' authority to do business had been suspended violates 15 U.S.C. §§ 1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10), and 1692f.

15 U.S.C. § 1692e provides in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following

conduct is a violation of this section: (2) the false representation of (A) the character, amount, or legal status of any debt; and (10) the use of any false representation or deceptive means to collect or attempt to collect any debt".

15 U.S.C. § 1692f provides in pertinent part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt".

Defendants violated the above provisions of the statute because they had no right to collect this debt.

29. Defendants' activities in collecting this debt were deceptive and misleading.

30. Defendants' collection techniques involved asking consumers to pay debts when they had no legal ability to ask for payment.

31. Defendants did not inform the consumer that the debt owed was to Defendants which had no authority to do business in New York and/or that Defendants had no right to collect any money or to sue in New York.

32. Any judgment obtained during Defendants' period of noncompliance is a nullity and of no legal force or effect.

33. The conduct of Defendants in collecting and attempting to collect monies owed, when it was not allowed to do so pursuant to the New York Limited Liability Law constitutes deceptive or materially misleading activity that is directed at consumers and the public at large.

34. Such actions caused consumers to suffer financial injuries of having increased debt and/or having money extracted from them.

35. As a result of the unlawful collection activity which the Defendants engaged in,

Plaintiff is entitled to damages pursuant to GBL § 349.

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendants.*

36. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty-four (34) as if set forth fully in this cause of action.

37. This cause of action is brought on behalf of Plaintiff and the members of two classes.

38. Class A consists of all persons: (a) whom Defendants' records reflect resided in the State of New York and who were sent a collection letter by GMLG, LLC asserting a debt owed to the "ORIGINAL CREDITOR - FFIF-ACM OPPORTUNITY FUND LLCd LLC"; (b) bearing the Defendants' letterhead in substantially the same form as the letters sent to the Plaintiff on or about May 16, 2012; (c) the collection letter was sent to a consumer seeking payment of a personal debt; (d) the collection letter was not returned by the postal service as undelivered; and (e) the Defendants violated 15 U.S.C. § 1692e(10) of the FDCPA, by falsely representing that "FFIF-ACM OPPORTUNITY FUND LLC" was the original creditor.

39. Class B consists of all persons: (a) whom Defendants' records reflect resided in the State of New York and who were sent a collection letter; (b) bearing the Defendants' letterhead in substantially the same form as the letter sent to the Plaintiff sent within one year prior to the date of the within complaint; (c) the collection letter was sent to a consumer seeking payment of a consumer debt; (d) the collection letter was not returned by the postal service as undelivered; and (e) the Plaintiff asserts that the letter

contained violations of 15 U.S.C. §§ 1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10), and 1692f, for doing business when its authority to do so in New York had been suspended.

40. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.

   (c) The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendants.

   (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

   (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

41. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

42. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

43. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

44. The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

45. The Defendants violation of the Fair Debt Collection Practices Act entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendants and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

  (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

  (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
   July 17, 2012

                Maxim Maximov, Esq.
                Attorneys for the Plaintiff
                Maxim Maximov, LLP
                1600 Avenue M, 2nd Floor
                Brooklyn, New York 11230
                Office: (718) 395-3459
                Facsimile: (718) 408-9570
                Mobile: (718) 772-3954
                E-mail: mmaximov@mmaximov.com

Plaintiff requests trial by jury on all issues so triable.

                Maxim Maximov, Esq.

**GMLG**
**PO BOX 43546**
**Louisville, Kentucky 40253**

Phone: 502-259-0600
Fax:    502-259-0601

Toll Free: 888-793-5434
Online access: http://www.gmlg.com

May 16, 2012



Aaron Meisels
1650 44th St
Brooklyn NY 11204-1048

Dear Aaron Meisels:

FFIF-ACM OPPORTUNITY FUND LLCd, LLC has acquired the following account and is collecting the amount due through GMLG, Global Management Legal Group, LLC.

    ORIGINAL CREDITOR:   FFIF-ACM OPPORTUNITY FUND LLCd, LLC
    REFERENCE: FIELD:    5466410006187154
    BALANCE DUE:    $13,969.14

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request validation from this office in writing, within 30 days after receiving this notice, this office will provide you with the name of and address of the original creditor, if different from the current creditor.

Considering the IMPORTANCE of this issue and the need to resolve it in a timely fashion, your complete cooperation is requested.

At the present time, GMLG, LLC has only been retained by FFIF-ACM OPPORTUNITY FUND LLCd, LLC to attempt to negotiate a non-legal solution of your account and to determine your ability to pay. No attorney has personally reviewed the particular circumstances of your account.

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Please review the Privacy Notice inserted with this letter for an explanation of the account owners' policies and procedures regarding the use of non-public, personal information.

gmlg01x.frm

## FFIF-ACM OPPORTUNITY FUND LLCd, LLC
## PRIVACY STATEMENT

Federal laws require that FFIF-ACM OPPORTUNITY FUND LLCd, LLC along with financial institutions, explain to its customer what information it collects and how it discloses this information in order to provide services. In order to meet the requirements, the following in FFIF-ACM OPPORTUNITY FUND LLCd, LLC's statement:

FFIF-ACM OPPORTUNITY FUND LLCd, LLC, collects nonpublic personal information about you from the following sources: Information it receives from you on applications or other forms; information about transactions with its affiliates, or other information we receive from a consumer reporting agency or other third party sources.

FFIF-ACM OPPORTUNITY FUND LLCd, LLC does not disclose any nonpublic personal information about our customers to anyone, except as permitted by law.

FFIF-ACM OPPORTUNITY FUND LLCd, LLC restricts access to nonpublic information about you to those employees or third parties who need to know the information in order to be able to service your account, enforce any obligation you owe, or relating to the collection or sale of an obligation you owe, or relating to the collection or sale of an obligation you owe.

This statement is for information purposes only and requires to action on your part, nor does this statement reflect a change in the way FFIF-ACM OPPORTUNITY FUND LLCd, LLC conducts its business. Confidentiality has always been extremely important to us and we appreciate the importance of protecting your privacy.

### Colorado:
FOR MORE INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca.
"A consumer has the right to request in writing that a debt collector or collection agency cease further communication with consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by the law to collect the debt."

### Massachusetts Residents:
### NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH A REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

### New York City Residents:
New York City Department of Consumer Affairs, license number 1388733.

### Minnesota:
This collection agency is governed by the Minnesota Department of Commerce. Minn. Statute 332.37(21) (WESTLAW through 2006 Reg. Sess. Laws through ch. 173).

### Wisconsin:
This collection agency is governed by the Division of Banking. P.O. Box 7876, Madison, Wisconsin 53707.

### North Carolina:
North Carolina Department of Insurance Permit Number 104469.

### California Residents:
"The Federal Fair Debt Collection Practices Act requires that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgement. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."